UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

|  |  |
|---|---|
| Roger Bigelow | Case No.: |
|     Plaintiff | **COMPLAINT** |
| v. |  |
| Metropolitan Life Insurance Company |  |
|     Defendant |  |

Plaintiff, Roger Bigelow, for his Complaint against Defendant Metropolitan Life Insurance Company ("Metlife") states as follows:

1. Plaintiff is an individual who resides in North Bennington, Vermont, and who is or was a participant in a long-term disability plan (the "Plan") sponsored by his former employer, Standard Register.

2. Upon information and belief, the Plan is funded through a group long term disability insurance policy Metlife sold Plaintiff's former employer. (the "Policy").

3. Upon information and belief, Metlife is a domestic company with an office in Augusta, Maine.

4. Metlife served as the claims administrator of the Plan for purposes of benefit determinations made pursuant to the Policy.

5. Plaintiff brings this action to recover benefits under the Plan and Policy.

6. Plaintiff brings this action under the Employee Retirement Income Security Act ("ERISA") 502(a)(1)(B) and to recover benefits under the Plan and Policy. This Court has

subject matter jurisdiction over this action, and it may assert personal jurisdiction over MetLife because, per ERISA 502(e), it can be found in this district.

## Claim for Relief

7. The Policy provides that MetLife will pay disability benefits to participants who are participants under the Plan.

8. Under the Policy, disability is defined as the inability to perform your occupation.

9. Prior to Plaintiff's total disability, Plaintiff served as a Development Manager for Standard Register.

10. Plaintiff became disabled under the policy on or about March 1, **2012**.

11. Plaintiff timely submitted a claim for disability benefits.

12. Metlife approved Plaintiff's claim and paid it for years.

13. Metlife terminated Plaintiff's claim.

14. Plaintiff appealed that determination in a timely manner.

15. Metlife denied Plaintiff's appeal.

16. Plaintiff exhausted his administrative remedies.

17. Plaintiff is entitled to a judgment against Metlife, in the amount of the unpaid disability benefits under the Plan and Policy.

18. Plaintiff is also entitled to prejudgment interest and an award of attorney's fees in an amount to be proven.

WHEREFORE, Plaintiff requests the Court grant his/her the following relief from Defendant:

    a. A judgment in the amount of all benefits due under the Plan/Policy plus prejudgment interest;

    b. An order reinstating Plaintiff's benefits and ordering that they be paid through coverage under the Plan and Policy.

    c. Plaintiff's costs and attorney's fees; and

    d. All other relief the Court may deem proper.

Dated: September 15, 2025

/s/ *Andrew S. Davis*
Andrew S. Davis, Esq.
DAVIS LAW LLC
PO Box 17887
Portland, Maine 04112
andrew@erisabenefitlawyer.com